UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ROGER R. BROWN, | Case No. 2:17-cv-00828-JAD-PAL |
|---|---|
| Plaintiff, | **SCREENING ORDER** |
| v. | |
| J. LEVER, #5712, and TALLMAN, #13318, | (Am. Compl. – ECF No. 8) |
| Defendants. | |

This matter is before the court for a screening of pro se Plaintiff Roger R. Brown's Amended Complaint (ECF No. 8).[1] This screening is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 of the Local Rules of Practice.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

Mr. Brown is a prisoner in the custody of the Nevada Department of Corrections at the Southern Desert Correctional Center. This case arises from Mr. Brown's allegations, pursuant to 28 U.S.C. § 1983, that defendants violated his civil rights by arresting him without probable cause in March 2015. He has received permission to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915 and LSR 1-1. *See* Order (ECF No. 4).

In October 2017, Brown filed a Petition for Writ of Mandamus (ECF No. 10) before the Ninth Circuit Court of Appeals. This court did not screen the amended pleadings while the petition was pending. On January 23, 2018, the Ninth Circuit denied the petition without prejudice to the filing of a new petition if this court has not screened the complaint within 90 days. *See* USCA Order (ECF No. 10). The court now screens Brown's Amended Complaint (ECF No. 8).

---

[1] In June 2017, Brown filed two identical amended pleadings. *Compare* Am. Compl. (ECF No. 7) *and* Am. Comp. (ECF No. 8). Because the pleadings are identical, this Screening Order only refers to the later filing.

1

## II. SCREENING THE AMENDED COMPLAINT

After granting a prisoner's request to proceed IFP, a federal court must screen the complaint and any amended complaints before allowing the case to move forward, issuing summonses, and requiring a responsive pleading. 28 U.S.C. § 1915; *Jones v. Bock*, 549 U.S. 199, 213–14 (2007). The court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its screening, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 42 U.S.C. § 1997e (Prison Litigation Reform Act of 1995 (PLRA)); 28 U.S.C. § 1915A(b). When a court dismisses a complaint upon the initial screening, a plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1127–29 (9th Cir. 2000) (en banc). If a plaintiff has paid the initial partial filing fee and the complaint states a valid claim for relief, the court will direct the Clerk of the Court to issue summons to the defendants and instruct the United States Marshal Service to serve the summons and complaint. *Cf.* Fed. R. Civ. P. 4(c)(3); LSR 1-3(c) (requiring that a prisoner's initial partial filing fee be paid "*before* the court will order service of process") (emphasis added).

Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Byrd v. Phoenix Police Dep't*, 885 F.3d 639 (9th Cir. 2018). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**A. Mr. Brown's Factual Allegations and Claims for Relief**

The Amended Complaint (ECF No. 8) names officers J. Lever (#5712) and Tallman (#13318) of the Reno Police Department as defendants. Mr. Brown alleges the officers violated

his civil rights by arresting him without probable cause. On March 23, 2015, between 3:00 and 4:00 AM, Brown was driving a vehicle and pulled to the side of the road to speak to a woman. He proceeded to his destination, the Sienna Casino, and exited his vehicle. Officer Lever approached Brown and told him to stand behind his vehicle until officer Tallman arrived. Brown alleges officer Lever lacked probable cause for the initial stop. Officer Level purportedly displayed anger and hostility toward Brown without ever conducting any form of investigation. Mr. Brown asked officer Lever what was the probable cause for the stop and was told to " 'shut the f*** up', you're not an attorney, just stand behind your vehicle, and wait." *Id*. at 8 (internal punctuation added).

Once officer Tallman arrived at the Sienna Casino's parking lot, he immediately put Mr. Brown in handcuffs, placed Brown in the back of a squad car, and told Brown he was going to jail for disturbing the peace. Officer Tallman asked no questions after arriving. Brown pled his innocence to Tallman during this process but the officer said the charge "was just disturbing the peace," Brown would "be cited out and to stop crying about it." Mr. Brown continued to protest his arrest, but officer Tallman gave him the "silent treatment." Tallman then drove Brown to the Washoe County Detention Facility. As they approached the facility entrance, Brown noticed an email or message officer Lever sent to Tallman on the screen of the squad car's computer telling Tallman to change the charge to stalking. The stalking charge was later dismissed. *Id*. at 11.

Mr. Brown alleges defendants' misconduct violated his civil rights under the Fourth and Fourteenth Amendments as both officers purportedly acted outside the scope of their official duties. The officers failed to follow protocol and gave no explanation for arresting Brown for stalking; thus, they demonstrated willful and unreasonable conduct. Officer Lever "plainly and knowingly violated the law when he pulled over and arrested the Plaintiff on the fictitious charge of stalking." *Id*. at 8. Mr. Brown alleges Tallman witnessed Lever's misconduct and Tallman's inaction amount to a failure to protect Brown from constitutional violations. *Id*. at 5.

In his request for relief, Mr. Brown asserts he was embarrassed, humiliated, and slandered by the officers' misconduct because his face was shown on Reno mugshots for the fictitious stalking charge. Brown seeks $150,000 in monetary damages and injunctive relief, including the sealing and expungement of the stalking charge.

For the reasons discussed below, the court finds that the Amended Complaint fails to state a claim upon which relief can be granted. However, because it is possible that Mr. Brown may be able to adequately allege claims, if sufficient facts exist, the court will dismiss the Amended Complaint and with leave to amend if he believes he can cure the deficiencies noted in this order.

**B. Legal Standard**

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound to accept without question truth of plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Allegations are frivolous when they are "clearly baseless," *id.*, or lack an arguable "basis in law or fact." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Malicious claims are those "filed with the intention or desire to harm another." *King*, 398 F.3d at 1121; *Washington*, 833 F.3d at 1055.

The standard for determining whether a plaintiff has failed to state a claim under §§ 1915 and 1915A is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure[2] for failure to state a claim. *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1043 (9th Cir. 2016) ("The phrase "fails to state a claim upon which relief may be granted" from § 1915(g) purposely "parallels the language of Federal Rule of Civil Procedure 12(b)(6).") (quoting *Andrews*, 398 F.3d at 1121); *Washington*, 833 F.3d at 1055–56; *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). A district court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983).

---

[2] All references to a "Rule" or the "Rules in this Order refer to the Federal Rules of Civil Procedure.

For purposes of a Rule 12(b)(6) review, well-plead factual allegations are accepted as true, but vague allegations, unreasonable inferences, and legal conclusions are not entitled to the assumption of truth. *Teixeira v. County of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007)).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as the grounds for the court's jurisdiction and a demand for relief. Fed. R. Civ. P. 8(a). To avoid dismissal on a Rule 12(b)(6) review, a plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff alleges factual content that allows the court to make a reasonable inference that a defendant is liable for the misconduct alleged. *Teixeira*, 873 F.3d at 678 (quoting *Iqbal*, 556 U.S. at 678). This plausibility standard is not a " 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Although Rule 8(a) does not require detailed factual allegations, it demands "more than labels and conclusions." *Id*. at 678. Merely reciting the elements of a cause of action and providing only conclusory allegations will not be enough to survive the court's review. *Id.* at 679–80. The factual allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A complaint should be dismissed where the claims have not crossed the line from conceivable to plausible. *Twombly*, 550 U.S. at 570.

**C. Analysis of Mr. Brown's Claims**

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *Graham v. Connor*, 490 U.S. 386, 393–94 (1989). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation omitted). To state a claim under § 1983, a plaintiff must allege: (1) his or her his civil rights were violated, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48–49 (1988). "A public employee acts under color of state law while acting in his

official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 49. As police officers for the Reno Police Department, defendants allegedly acted under the color of state law.

### 1. Identifying the Constitutional Rights as Issue

To adequately plead the § 1983 elements, a complaint must identify what constitutional right each defendant violated, providing sufficient facts to plausibly support each violation. *See, e.g.*, *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting that defendants must personally participate in the misconduct to be liable under § 1983). The "threshold inquiry in a § 1983 suit" requires courts "to 'identify the specific constitutional right' at issue." *Manuel v. City of Joliet*, --- U.S. ----, 137 S. Ct. 911, 920 (2017) (citing *Albright*, 510 U.S. at 271). "After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." *Id.* (citing *Carey v. Piphus*, 435 U.S. 247, 257–58 (1978)).

Here, Mr. Brown alleges defendants violated his rights under the Fourth and Fourteenth Amendments. Am. Compl. (ECF No. 8) at 3.[3] The Fourth Amendment protects the "right of people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizure." U.S. Const. amend. IV. "A person is seized" whenever an official restricts "his freedom of movement" such that he is "not free to leave." *Brendlin v. California*, 551 U.S. 249, 254 (2007). The general rule is that "seizures are 'reasonable' only if based on probable cause to believe that the individual has committed a crime." *Bailey v. United States*, 568 U.S. 186, 192 (2013). The Fourth Amendment "establishes the minimum constitutional 'standards and procedures'" for arrests and the ensuing detention. *Manuel*, 137 S. Ct. at 917 (quoting *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975)). Where a plaintiff alleges a seizure or pretrial detention was not supported by probable cause, "then the right allegedly infringed lies in the Fourth Amendment." *Id.* at 919. An alleged defect in the legal process does not extinguish a plaintiff's Fourth Amendment claim or "convert that claim into one founded on the Due Process Clause." *Id.*[4]

---

[3] In the section stating the nature of the case, Mr. Brown alleges violations under the Fourth Amendment and Fourteenth Amendment. Am. Compl. (ECF No. 8) at 3. However, Counts I and II only identify the Fourteenth Amendment as the basis of his claims. *Id.* at 4–5.

[4] *See also Albright*, 510 U.S. at 273 (noting that the Fourth Amendment, "not the more generalized notion of 'substantive due process,' must be the guide" for analyzing claims involving unreasonable seizures pretrial deprivations of liberty) *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1127 (9th Cir. 2002)

The Amended Complaint alleges defendants arrested Brown without probable cause and improperly charged him with stalking. Thus, defendants allegedly infringed his Fourth Amendment right against unreasonable seizure. *See Manuel*, 137 S. Ct. at 920 (holding that Fourth Amendment seizure principles govern § 1983 malicious prosecution claims, rather than Fourteenth Amendment due process principles) (quoting *Graham*, 490 U.S. at 395).

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend XIV, § 1. Mr. Brown alleges officer Tallman witnessed Lever's misconduct but he failed to take action to protect Brown from constitutional violations by a fellow officer. This allegation implicates Brown's liberty interest under the Due Process Clause.

The Equal Protection Clause commands that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. The purpose of this Clause is to prevent intentional and arbitrary discrimination. *Engquist v. Oregon Dep't of Agr.*, 553 U.S. 591, 611 (2008). Mr. Brown alleges officer Level told him to " 'shut the f*** up', you're not an attorney, just stand behind your vehicle, and wait." Am. Compl. (ECF No. 8) at 8 (internal punctuation added). Officer Tallman gave Brown the "silent treatment" when he continued to protest his arrest. Level displayed anger and hostility toward Brown without conducting any form of investigation. Brown's factual contentions implicate his equal protection right.

Mr. Brown identifies causes of action for malicious prosecution, abuse of process, and intentional infliction of emotional distress in Count I, Am. Compl. (ECF No. 8) at 4, and malicious prosecution, and violations of due process and equal protection in Count II, *id*. at 5. Accordingly, the court will identify the elements of Brown's claims and explain why the Amended Complaint fails to state a cognizable claim.

2. Malicious Prosecution

To bring a malicious prosecution claim under § 1983, a plaintiff must allege the elements of a state law claim *plus* one additional element—the defendants prosecuted the plaintiff with the intent to deprive him of a constitutional right. *Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th

(affirming dismissal of Fourteenth Amendment claim alleging false information in warrant affidavit).

Cir. 2012). To state a colorable claim for malicious prosecution under Nevada law, a plaintiff must allege: (1) lack of probable cause to initiate a prior criminal proceeding; (2) malice; (3) favorable termination of the criminal proceeding; and (4) damages. *LaMantia v. Redisi*, 118 Nev. 27, 30, 38 P.3d 877, 879 (2002). "Malice means an evil intent, wish or design to vex, annoy or injure another person." Nevada Jury Instructions – Civil, Inst. 6IT.8 Malicious Prosecution (2011 ed.). The existence of probable cause is determined by looking at the facts known to a law enforcement officer at the time of the arrest. *Turner v. County of Washoe*, 759 F. Supp. 630, 634 (D. Nev. 1991). Probable cause exists when officers "know reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 924–25 (9th Cir. 2001) (internal quotation omitted). In other words, there is probable cause to initiate a criminal prosecution if "it was objectively reasonable for the defendant to suspect the plaintiff had committed a crime." *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1164 (9th Cir. 2011).

Here, the Amended Complaint fails to allege each element necessary for a § 1983 malicious prosecution claim, and the allegations label the defendants' actions as unlawful without support. Mr. Brown makes a conclusory allegation that defendants lacked probable cause to arrest him. This statement, by itself, is a legal conclusion that does not provide sufficient notice to enable a defense. Brown alleges that defendants failed to follow protocol and gave Brown no explanation for arresting him. However, the court cannot assume these allegations mean that defendants lacked reasonably trustworthy information to suspect Brown had committed a crime with no factual basis. Unreasonable inferences and legal conclusions are not entitled to the assumption of truth. *See Teixeira*, 873 F.3d at 678.

Additionally, Mr. Brown failed to sufficiently allege malice and that defendants prosecuted him with the intent to deprive him of a constitutional right. Under Nevada law, malice "does not necessarily require intentional conduct" and it may be "implied if defendants acted in willful disregard of the rights of plaintiff, or wrongfully acted without just cause or excuse, or acted or omitted a duty betraying the willful disregard of a social duty." Nevada Jury Instructions – Civil, Inst. 6IT.8 (2011 ed.). Brown alleges officer Level displayed anger and hostility toward him and

directed offensive language at him. Officer Tallman purportedly told Brown to stop crying about the arrest and gave Brown the "silent treatment." These facts do not support an inference that defendants had an evil intent, wish or design to vex, annoy or injure Brown. The Amended Complaint also asserts that defendants' "intentional misconduct was illegal" and they demonstrated "willful" and "unreasonable" conduct. Rule 8 demands "more than labels and conclusions" to state a plausible claim. *Iqbal*, 556 U.S. at 678. Based these pleading deficits, Brown fails to state an actionable malicious prosecution claim. The court therefore dismisses the claim with leave to amend.

### 3. Abuse of Process

Most federal courts to consider whether a state actor's alleged abuse of process can give rise to a constitutional claim under § 1983 have concluded that there is no constitutional violation absent conscience-shocking egregious wrongdoing. *See* Martin A. Schwartz, *Section 1983 Claims and Defenses*, § 3.18 Malicious Prosecution; Abuse of Civil Process (4th ed. 2018 Supp.) (collecting cases). The Ninth Circuit has yet to answer the question of whether an abuse of process claim is cognizable under § 1983. *See West v. City of Mesa*, 708 F. App'x 288, 292 (9th Cir. 2017) (affirming dismissal of abuse of process claim where defendants allegedly violated plaintiff's constitutional rights by presenting false testimony and evidence to procure a conviction) ("*Even assuming an abuse of process claim is cognizable under § 1983 in our circuit*," West failed to plead sufficient facts to establish the elements of such a claim." (emphasis added)). Here, Mr. Brown's allegations of abuse of process are the same as those alleged for malicious prosecution.[5] Even if this court assumes an abuse of process claim would be actionable under the Fourth Amendment, similar to malicious prosecution, the Amended Complaint fails to allege sufficient factual content to support a claim.

Under Nevada law, a plaintiff must allege two elements to state an abuse of process claim: "(1) an ulterior purpose by the defendants other than resolving a legal dispute, and (2) a willful act

---

[5] Abuse of process and malicious prosecution are distinct intentional torts with significant differences. An abuse of process claim can arise from both civil and criminal proceedings; however, malicious prosecution requires a prior criminal proceeding. *LaMantia*, 118 Nev. at 30, 38 P.3d at 879. In addition, malice, lack of probable cause and favorable termination are not elements of an abuse of process claim. *Id*.

in the use of the legal process not proper in the regular conduct of the proceeding." *LaMantia*, 118 Nev. at 30, 38 P.3d at 879 (citation omitted). However, the filing of a criminal complaint cannot be the willful act, a plaintiff must allege a willful act *after* filing to satisfy the second element. *Laxalt v. McClatchy*, 622 F. Supp. 737, 751–52 (D. Nev. 1985); *Childs v. Selznick*, 281 P.3d 1161 (Nev. 2009) (noting that " 'the mere filing of [a] complaint is insufficient to establish the tort of abuse of process' ") (quoting *Laxalt*, 622 F. Supp. at 752)) (unpublished).

Mr. Brown's allegations fail to state a plausible claim under Nevada law because each act he alleges was part of defendants filing of the criminal charge against him. He alleges defendants arrested him without probable cause, failed to properly conduct an investigation, and increased the criminal charge from disturbing the peace to stalking without justification. To state an actionable claim, Brown must identify a willful act *after* the filing of the criminal charge. *See Laxalt*, 622 F. Supp. at 752. The Amended Complaint does not allege a willful act after defendants charged Brown with stalking.

Additionally, Mr. Brown fails to allege that defendants used the legal process to accomplish a goal other than for what it was created. *See, e.g.*, *Donahoe v. Arpaio*, 869 F. Supp. 2d 1020, 1060 (D. Ariz. 2012) (dismissing § 1983 abuse of process claim under Arizona law, which requires the same elements as Nevada). In *Donahoe*, the plaintiffs alleged their arrests and prosecutions were improper, but they did not allege that any specific judicial process was employed for a purpose other than for what it was designed. *Id*. at 1060–61. The court dismissed the claim because allegations that a criminal prosecution was used only to accomplish the result for which it was created, *i.e.*, securing a conviction, were insufficient to state an abuse of process claim, even though they alleged the prosecution was motivated by "pure spite." *Id*. (citation omitted). Brown alleges defendants wrongfully arrested him and embarrassed and humiliated him. But initiating criminal charges without justification does not support an actionable abuse of process. Thus, the court dismisses Brown's abuse of process claim with leave to amend.

    4. <u>Equal Protection</u>

The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).

This does not mean, however, that all individuals must receive identical treatment and resources. *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972). To prevail on a § 1983 equal protection claim, a plaintiff must allege facts plausibly showing that the defendant acted with an intent or purpose to discriminate against the plaintiff based upon his or her membership in a protected class. *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *see also City of New Orleans v. Dukes*, 427 U.S. 297, 303–04 (1976) (holding that class-based "distinctions such as race, religion, or alienage" are "inherently suspect" requiring strict scrutiny). The Ninth Circuit recognizes a constitutional right to have police services administered in a nondiscriminatory manner—a right that is violated when a state actor denies such services to disfavored persons. *See Elliot–Park v. Manglona*, 592 F.3d 1003, 1007 (9th Cir. 2010) (holding that discriminatory denial of investigative services may violate equal protection) (citing *DeShaney v. Winnebago County Dep't of Soc. Servs.*, 489 U.S. 189, 198 n.3 (1989) ("The State may not, of course, selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause."); *Estate of Macias v. Ihde*, 219 F.3d 1018, 1028 (9th Cir. 2000)).

In this case, Mr. Brown has not alleged that he was discriminated against based on his membership in any identifiable protected class such as race, gender, national origin, or religion. He also has not asserted that he was intentionally treated differently from others similarly situated (the so-called "class of one" equal protection claim). Without supporting facts, the court cannot make a reasonable inference that defendants are liable for an equal protection violation. This claim is dismissed with leave to amend.

### 5. Failure to Intervene

The Due Process Clause provides a limitation on a state's power to act, it does not operate "as a guarantee of certain minimal levels of safety and security." *DeShaney*, 489 U.S. at 195. In other words, the Due Process Clause forbids a state or municipal actor from depriving individuals of life, liberty, or property without due process of law, but they cannot be held liable for omissions or a failure to act. *Id.* at 195–97 (holding that "the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide them"); *Pauluk v. Savage*, 836 F.3d 1117, 1122–23 (9th Cir. 2016) (collecting cases and quoting *Munger v. City of Glasgow Police*

*Dep't*, 227 F.3d 1082, 1086 (9th Cir. 2000)). Because of its inherent limitation to government action, the Due Process Clause "does not require the State to provide its citizens with particular protective services." *DeShaney*, 489 U.S. at 196–97. The "police have no affirmative obligation to investigate a crime in a particular way." *Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994); *see also Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (allegations of due process violation of right to have "a full and fair police investigation" fail to state an actionable § 1983 claim unless another recognized constitutional right is involved). As a result, plaintiffs cannot state a § 1983 claim merely by alleging the police failed to properly conduct an investigation or act in a particular way.[6]

Here, Mr. Brown alleges that officer Tallman witnessed Lever's misconduct but failed to take action to protect Brown from Lever's constitutional violations. The Due Process Clause does not impose an affirmative constitutional duty on Tallman to protect Brown from the actions of other officers. He does not allege that Tallman somehow created the danger of Lever's actions. *See Pauluk*, 836 F.3d at 1122. In addition, without another recognized constitutional right involved, Brown's due process rights were not violated by any investigative deficiency. Accordingly, the Amended Complaint fails to state a plausible due process violation and the claim is dismissed with leave to amend.

### 6. Intentional Infliction of Emotional Distress ("IIED")

Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A court's jurisdiction to resolve a case on its merits requires a showing that the plaintiff has both subject matter and personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999). Personal jurisdiction gives a court jurisdiction over the *person* against whom the case is brought. Subject matter jurisdiction gives a court jurisdiction over the *type of case*. Federal question jurisdiction gives a court jurisdiction over all "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

---

[6] *See, e.g., Andersen v. Helzer*, 551 F. App'x 363, 364 (9th Cir. 2014) (affirming dismissal of § 1983 action because plaintiff did not allege facts to show defendants violated any federally protected right by allegedly failing to investigate theft of his property); *Boldt v. Myers*, 376 F. App'x 800, 801 (9th Cir. 2010) (affirming dismissal of § 1983 action alleging defendants failed to investigate her allegations of elder abuse).

1    This court has federal question jurisdiction over Brown's § 1983 claims since they arise under the Constitution. However, his IIED claim against defendants is a tort claim arising under state law. Under the doctrine of supplemental jurisdiction, a federal court may hear state claims that are part of the "same case or controversy" as a claim arising under federal law. 28 U.S.C. § 1367(a). If "a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part of the same case or controversy." *Exxon Mobil*, 545 U.S. at 552. Because the court finds the Amended Complaint does not state a federal claim upon which relief can be granted, it does not have supplemental jurisdiction over the IIED tort claim arising under state law. But the court will still review the state-tort claim and note the deficiencies should Mr. Brown chose to file an amended complaint.

To establish an IIED claim in Nevada, a plaintiff must allege: (1) the defendant engaged in "extreme and outrageous conduct with either the intention of, or reckless disregard for, causing emotional distress," (2) the plaintiff "suffered severe or extreme emotional distress," and (3) "actual or proximate causation." *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 971 (9th Cir. 2017) (quoting *Olivero v. Lowe*, 116 Nev. 395, 995 P.2d 1023, 1025 (2000)). A claim for IIED operates on a continuum: the less extreme the outrage, the greater the need for evidence of physical injury or illness from the emotional distress. *Chowdry v. NLVH, Inc.*, 109 Nev. 478, 483, 851 P.2d 459, 462 (1993). For conduct to be extreme and outrageous, it must rise to a level "outside all possible bounds of decency" and be "regarded as utterly intolerable in a civilized community." *Dowers*, 852 F.3d at 971 (citation omitted). "Liability for emotional distress generally does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Burns v. Mayer*, 175 F. Supp. 2d 1259, 1268 (D. Nev. 2001).

The Amended Complaint fails to state a plausible IIED claim. Mr. Brown maintains that defendants are liable for IIED because they arrested him without justification. Mr. Brown also claims the officers treated him discourteously during the arrest and he was embarrassed, humiliated, and slandered by defendants' misconduct. Individuals " 'must necessarily be expected and required to be hardened . . . to occasional acts that are definitely inconsiderate and unkind'." *Maduike v. Agency Rent-A-Car*, 114 Nev. 1, 4, 953 P.2d 24, 26 (1998) (quoting California Book

of Approved Jury Instructions No. 12.74). Additionally, where a plaintiff fails to establish a Fourth Amendment violation, an officer's behavior is generally not outrageous. *See, e.g., Long v. City of Honolulu*, 511 F.3d 901, 908 (9th Cir. 2007). The allegations in the Amended Complaint fail to state a constitutional violation, thus, defendants' alleged conduct also fails to rise to the level of extreme and outrageous. Thus, the intentional acts alleged in the Amended Complaint do not state an actionable IIED claim. The court dismisses the IIED claim with leave to amend, assuming Plaintiff can also cure the jurisdictional defect by stating a plausible § 1983 claim.

### III. INSTRUCTIONS FOR AMENDING THE COMPLAINT

If Mr. Brown chooses to file an amended complaint, he must do so by **May 21, 2018**. The amended complaint must contain a short and plain statement of: (1) the grounds for the court's jurisdiction; (2) any claim he has showing he is entitled to relief; and (3) a demand for the relief he seeks. *See* Fed. R. Civ. P. 8(a). The amended complaint should set forth the claims in short and plain terms, simply, concisely, and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). This means Mr. Brown should avoid legal jargon and conclusions. Instead, he should summarize the information he believes to be relevant in his own words for each claim asserted in the amended complaint. *Iqbal*, 556 U.S. at 678. Brown is advised to support each of his claims with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr*, 652 F.3d at 1216. When claims are alleged against multiple defendants, the complaint should clearly indicate which claims apply to which defendant. *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1995). Brown should specifically identify each defendant to the best of his ability, clarify what constitutional right he believes each defendant violated and support each claim with factual allegations about each defendant's actions. Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim. *McHenry*, 84 F.3d at 1178. A plaintiff must state "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the allegations charged. *Cafasso, United States ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).

Mr. Brown is also informed that the court cannot refer to a prior pleading (*i.e.*, the original

complaint) in order to make the amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. *See* LR 15-1(a). This is because, as a general rule, an amended complaint supersedes the original complaint. *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Once a plaintiff files an amended complaint, the original pleading no longer serves any function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Roger R. Brown's Amended Complaint (ECF No. 8) is **DISMISSED** with leave to file an amended complaint by **May 21, 2018**, if he believes he can correct the noted deficiencies.

2. The Clerk of the Court shall MAIL Mr. Brown one blank form complaint for § 1983 civil rights actions along with the instructions for completing the form, one copy of the Amended Complaint (ECF No. 8), and one copy of this Screening Order.

3. Mr. Brown shall clearly title the second amended complaint as such by writing "SECOND AMENDED" immediately above "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" on the first page and 2:17-cv-00828-JAD-PAL as the "Case No."

4. The second amended complaint must be a complete document in and of itself and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

5. Mr. Brown shall file a certificate of interested parties as required by LR 7.1-1 of the Local Rules of Practice on or before **May 21, 2018**.

/ / /

/ / /

/ / /

/ / /

6. Mr. Brown's failure to comply with this Order by submitting a second amended complaint and certificate of interested parties before the **May 21, 2018** deadline will result in a recommendation to the district judge that this case be dismissed.

Dated this 20th day of April, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE