UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ROGER R. BROWN,<br><br>                    Plaintiff,<br>v.<br><br>J. LEVER, #5712, and TALLMAN, #13318,<br><br>                    Defendants. | Case No. 2:17-cv-00828-JAD-PAL<br><br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(2nd Am. Compl. – ECF No. 12) |

This matter is before the court for a screening of pro se Plaintiff Roger R. Brown's Second Amended Complaint (ECF No. 12). This screening is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice.

Mr. Brown is a prisoner in the custody of the Nevada Department of Corrections at the Warm Springs Correctional Center. This case arises from Brown's allegations, pursuant to 28 U.S.C. § 1983, that the defendants violated his civil rights during his March 2015 arrest. The court screened Brown's Amended Complaint (ECF No. 8) and determined that it failed to state a plausible claim. Screening Order (ECF No. 11). The court therefore instructed him to file a second amended complaint to correct the defects in his pleading. *Id.* Mr. Brown timely filed his Second Amended Complaint (ECF No. 12), which the court will now screen.

**I.     MR. BROWN'S FACTUAL ALLEGATIONS AND CLAIMS FOR RELIEF**

The Second Amended Complaint (ECF No. 12) names officers J. Lever (#5712) and Tallman (#13318) of the Reno Police Department as defendants. Mr. Brown alleges the officers "slandered, discriminated, prejudiced and harassed the plaintiff in a deliberate indifference, cruel and unusual punishment, a right to due process etc." He alleges his rights under the Fourth and Fourteenth Amendments were violated because he was racially profiled by a bored police officer who arrested and charged him with disturbing the peace and stalking without probable cause. On

1

1  March 23, 2015, between 3:00 and 4:00 AM, Brown, an African-American man, was speaking to
2  a Caucasian woman, Pelligrini.  Officer Lever approached Brown in the parking lot of the Sienna
3  Casino and told him to stand behind his vehicle until officer Tallman arrived.  Mr. Brown asked
4  officer Lever what the probable cause for the stop was and Lever purportedly told Brown to " 'shut
5  the f*** up', you're not an attorney, just stand behind your vehicle, and wait until my partner gets
6  here."  *Id*. at 4, 7 (internal punctuation added).

7  Brown alleges that officer Lever did a warrants check and noticed that Brown had a
8  criminal history and had been arrested for statutory sexual seduction in 2007.  *Id.* at 7.  "Based on
9  the Brown's prior criminal history and registration requirement," officer Lever purportedly
10 decided to abuse his authority and the judicial process by arresting Brown without probable cause
11 for disturbing the peace and stalking *Id.*  Brown alleges Officer Lever "lied and made up a story
12 claiming the alleged victim ? Pelligrini said the plaintiff followed her for ten minutes with no
13 evidence to support his claim except his word against the plaintiffs." *Id.* At 8.

14 Mr. Brown alleges defendants' misconduct violated his civil rights under the Fourth and
15 Fourteenth Amendments.  He seeks $300,000 in monetary damages and injunctive relief, including
16 the sealing and expungement of the stalking charge.

17 **II.    LEGAL STANDARD**

18 Federal courts are required to dismiss an IFP action if the complaint fails to state a claim
19 upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief
20 from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In determining whether
21 a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound
22 to accept without question truth of plaintiff's allegations.  *Denton v. Hernandez*, 504 U.S. 25, 32
23 (1992).  Allegations are frivolous when they are "clearly baseless," *id*., or lack an arguable "basis
24 in law or fact." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  Frivolous claims include
25 those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are
26 immune from suit or claims of infringement of a legal interest that clearly does not exist), as well
27 as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Neitzke v.*
28 *Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

The standard for determining whether a plaintiff has failed to state a claim under §§ 1915 and 1915A is the same as the standard under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1] *El-Shaddai v. Zamora*, 833 F.3d 1036, 1043 (9th Cir. 2016); *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1055–56 (9th Cir. 2016). A district court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *North Star Intern. v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). For purposes of a Rule 12(b)(6) review, vague allegations, unreasonable inferences, and legal conclusions are not entitled to the assumption of truth. *Teixeira v. County of Alameda*, 873 F.3d 670, 678 (9th Cir. 2017) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007)).

A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as well as the grounds for the court's jurisdiction and a demand for relief. Fed. R. Civ. P. 8(a). A plaintiff must allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when a plaintiff alleges factual content that allows the court to make a reasonable inference that a defendant is liable for the misconduct alleged. *Teixeira*, 873 F.3d at 678 (quoting *Iqbal*, 556 U.S. at 678). This plausibility standard is not a " 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Rule 8(a) requires "more than labels and conclusions." *Id.* Merely reciting the elements of a cause of action and providing only conclusory allegations will not be enough to survive the court's review. *Id.* at 679–80. The factual allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A complaint should be dismissed where the claims have not crossed the line from conceivable to plausible. *Twombly*, 550 U.S. at 570.

---

[1] All references to a "Rule" or the "Rules" in this Report of Findings and Recommendation refer to the Federal Rules of Civil Procedure.

3

1    The court finds that the Second Amended Complaint fails to cure the deficiencies noted in
2    the initial screening order (ECF No 11) and fails to state a claim upon which relief may be granted.
3    The Second Amended Complaint does not state any facts regarding Tallman's actions. Naming
4    officer Tallman in the caption of the Second Amended Complaint is not enough to state a claim
5    under § 1983. *See id.*; *Iqbal*, 556 U.S. at 679–80; *Starr*, 652 F.3d at 1209–11, 1216. The claims
6    asserted against officer Lever consist of labels and conclusions and lack factual support.

7    A plaintiff who is granted leave to cure pleading deficiencies but fails to do so can be
8    subject to dismissal without leave to amend yet again. *Leadsinger, Inc. v. BMG Music Publ'g*,
9    512 F.3d 522, 532 (9th Cir. 2008).

10   Based on the foregoing,

11   **IT IS RECOMMENDED** that:

12   1. Plaintiff Roger Brown's Second Amended Complaint (ECF No. 12) be **DISMISSED**
13      **with prejudice** for failure to state a claim upon which relief may be granted.

14   2. The Clerk of Court be directed to close this case and enter judgment.

15   Dated this 18th day of January 2019.

    _____
    PEGGY A. LEEN
    UNITED STATES MAGISTRATE JUDGE

### NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The

1  parties are advised that failure to file objections within the specified time may result in the district
2  court's acceptance of this Report of Findings and Recommendation without further review. *United*
3  *States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely
4  objections to any factual determinations by a magistrate judge may be considered a waiver of a
5  party's right to appellate review of the findings of fact in an order or judgment entered pursuant to
6  the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P.
7  72.